| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| **Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Stern, Lavinthal & Frankenberg, LLC<br>Maria R. Cozzini, Esq.<br>105 Eisenhower Parkway, Suite 302<br>Roseland, New Jersey 07068-0490<br>Telephone Number (973) 797-1100<br>Facsimile Number (973) 228-2679<br>Email  mcozzini@sternlav.com<br>*Attorneys for Carrington Mortgage Services, LLC, as servicer for Bank of America, NA* | |
| In Re:<br><br>Trevor A. Anglin<br>Andrea L. Walker<br><br>            Debtor(s). | Case No. 18-26837-ABA<br><br>Chapter 13<br><br>Judge:  Andrew B. Altenburg<br><br>Hearing Date – June 4, 2019 |

### *CERTIFICATION IN OPPOSITION TO DEBTORS' MOTION TO REINSTATE THE STSY*

Maria R. Cozzini, Esq., hereby certifies as follows:

1. I am an attorney-at -law of the State of New Jersey, and an associate with the firm of Stern Lavinthal & Frankenberg LLC, attorney for the secured creditor Carrington Mortgage Services, LLC, as servicer for Bank of America, *NA,* in the above matter.  I am authorized to make this Certification in opposition to the Debtor's Motion to reinstate the automatic stay.

2. Debtors state that they did not find the need to respond to the prior Motion for Relief from the Automatic Stay (Docket No, 40), since they believed they were current, even though represented by counsel at the time.  Creditor's Motion for Relief was granted by the Court on April 30, 2019. (Docket No. 41).  In the relief motion, payment dates and default were clearly set forth.  Debtors have made payments on a sporadic and late basis, since this case was filed.  Creditor applies

payments to the most overdue month, as is customary practice. The payment made on October 12, 2018 was correctly applied to the payment due on September 1st, 2018. Based upon the Creditor's schedule, at the time of the Relief Motion, Debtor was three months in default, February, March, and April 2019.

3. Creditor's Motion for Relief was filed on April 4, 2019. Pursuant to Debtors' Exhibit filed in support of their present motion to reinstate the automatic stay, two payments were subsequently made. One on March 29th, 2019 and the second on April 26, 2019, each in the amount of $1,966.46. Payments have not yet been confirmed as received with the Creditor, but would have been received after the Motion for Relief was filed. Supplemental certification will be filed prior to the return date of this Motion to confirm status of these alleged payments. Thus, at the time of the prior Motion for Relief, Debtors were three months in default, but chose to ignore the Motion.

4. Even if the Creditor received the two recent payments now alleged by the Debtors, they would still owe one month for April 2019, since they were three months in arrears at the time of the relief motion. Further, there is no proof provided as to any payment for the months of May or June. Thus, by their own statements, the Debtors are currently three months in arrears for April, May, and June 2019, if the Creditor received the alleged two payments. This is the same position the Debtors were in at the time of the prior Relief Motion, three months in default.

5. Given the continued default in payment, Creditor objects to the present Motion to reinstate the Stay. Post petition payments are not current by the Debtors' own statements.

Pursuant to 28.U.S.C. Section 1746, I hereby declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 28, 2019                     Stern Lavinthal & Frankenberg, LLC

                                        By: /s/ Maria R. Cozzini, Esq.
                                        Maria R. Cozzini, Esq.